Johnny STEPHENS, Petitioner,

v.

UNITED STATES of America,
Respondent.

Criminal No. 95–10397–JLT.

United States District Court,
D. Massachusetts.

Nov. 4, 2010.

## MEMORANDUM

TAURO, District Judge.

### I. *Introduction*

On October 3, 2008, Johnny Stephens ("Petitioner") filed a *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence* [# 618] ("Petition"). On June 28, 2010, 2010 WL 2639839, this court denied Petitioner's motion by accepting and adopting Magistrate Judge Hillman's Report and Recommendation.[1] Presently at issue is Petitioner's *Motion for Certificate of Appealability* [# 630], which seeks leave to appeal the issues raised in the Petition.[2] For the following reasons, Petitioner's request for a certificate of appealability ("COA") is DENIED.

### II. *Background*

A federal grand jury indicted Petitioner and various co-defendants, including Dwayne Owens, for violations of federal law.[3] Jury selection for Petitioner and Owens's trial began on February 10, 1997.[4]

---

1. Order [# 628]; see Report and Recommendation [# 626].

2. Mem. Supp. Req. Certificate Appealability, 10 [# 631].

3. *United States v. Owens,* 167 F.3d 739, 743 (1st Cir.1999) (*Owens I* ).

4. *Owens v. United States (Owens II),* 236 F.Supp.2d 122, 127 (D.Mass.2002).

Spectators were asked to step outside the courtroom to make room for seventy-two prospective jurors.[5] The public continued to be denied access to the courtroom, even after potential jurors were excused.[6] Both Petitioner's and Owens's family members were removed from the courtroom.[7]

After the petit jury was selected, Petitioner's lawyer told Petitioner that he needed to decide that day whether to accept the offer of the Government (a) recommending a ten-year sentence and (b) not bringing charges against Petitioner's wife in exchange for Petitioner pleading guilty.[8] Because the courtroom had been closed, Petitioner was unable to consult with his wife or discuss any aspect of his case with her prior to deciding to change his plea.[9] Petitioner's lawyer did not tell Petitioner that there was anything wrong with "how the jury was selected or the closing of the courtroom by the judge."[10] Had Petitioner known or had his lawyer told him that the judge was wrong to close the courtroom during jury selection, Petitioner would not have pled guilty but would have proceeded to trial.[11]

Petitioner pled guilty the next day and was sentenced on May 9, 1997. Judgment was entered on May 30, 1997, and Petitioner did not file a direct appeal of his conviction. He filed his Petition for writ of habeas corpus on October 3, 2008.

Owens, Petitioner's co-defendant, was tried, convicted, and had his conviction affirmed on direct appeal.[12] Owens filed a petition under 28 U.S.C. § 2255, arguing (among other claims) that the court erred by closing the courtroom to the public during jury selection.[13] On appeal from the District Court's finding that Owens's claim was procedurally defaulted, the First Circuit held that: closure of the courtroom during jury selection without meeting certain criteria would violate a defendant's right to a public trial; counsel's failure to object to such closure may constitute ineffective assistance of counsel; and because denial of a public trial is a structural defect, prejudice is presumed.[14] Upon remand to hold an evidentiary hearing, the District Court found that spectators had been barred from the courtroom during jury selection and therefore Owens's Sixth Amendment right to a public trial was

---

5. *Id.* at 131. No party objected. *Id.*

6. *Owens v. United States (Owens IV)*, 517 F.Supp.2d 570, 573–74 (D.Mass.2007). Court security officers had spectators leave the courtroom and blocked their entry into the courtroom after the following colloquy took place between the trial court and the marshal on the morning of the voir dire:

THE COURT: We're going to get 72 jurors here. That will mean we'll have a number of jurors. Now, let me ask the marshals. It look[s] like we're going to need all the row[s] except for this first row. Is that going to be sufficient for you?
THE MARSHAL: I think so, your Honor. I just spoke to Bonnie [Smith] about it and ... [I will] have whatever spectators leave until there's a sufficient amount of room.
THE COURT: We'll need every seat with 72 people.

*Id.*

7. Aff. of Johnny Stephens ¶ 5, attached to "Petition" [# 618] [hereinafter Stephens' Aff.].

8. Stephens' Aff. ¶ 8–9 [# 618].

9. Stephens' Aff. ¶ 9 [# 618].

10. Stephens' Aff. ¶ 7 [# 618].

11. Stephens' Aff. ¶ 10 [# 618].

12. *Owens I,* 167 F.3d at 743.

13. *Owens II,* 236 F.Supp.2d at 131–34.

14. *Owens v. United States (Owens III),* 483 F.3d 48, 61–66 (1st Cir.2007).

violated.[15] The court found that the failure of Owens's lawyers to object to the courtroom closure constituted ineffective assistance of counsel, which was cause for purposes of excusing Owens's procedural default.[16] The court presumed prejudice because the error was structural and ordered Owen's conviction vacated.[17]

## III. *Discussion*

■■■ The standard for granting a COA is well established. Such relief should only be granted upon a "substantial showing" of a constitutional violation.[18] If the district court rejected the original petition on the merits, to make a "substantial showing," a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." [19]

After reviewing Petitioner's submissions and the record, this court concludes that Petitioner fails to satisfy the abovementioned standard. Petitioner seeks a COA on the ground that his guilty plea was not voluntary, intelligent, and knowing because of a violation of his Sixth Amendment rights and ineffective assistance of counsel during the first day of his trial, including jury selection.[20] Section 2255 provides for a one-year statute of limitations period, running from the latest of four alternative dates.[21] Petitioner argues that the relevant date here is the "date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." [22] Petitioner argues that the relevant facts supporting his claim were not adduced until Judge Gertner issued her decision in *Owens IV*,[23] which revealed the complete nature and extent of the closing of the courtroom to the public.[24] Petitioner admits to knowing on the day of jury selection when he "decided to take the plea agreement" that he "could not see [his] family" due to the court "closing the courtroom." [25] Petitioner argues, however, that it is his knowledge of the "barring of all spectators and the public from the courtroom through jury selection that comprises the facts supporting his Petition" and begins the one-

---

15. *Owens IV*, 517 F.Supp.2d at 574–75.

16. *Id.* at 577.

17. *Id.*

18. *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

19. *Id.* at 484, 120 S.Ct. 1595.

20. Mem. Supp. Req. Certificate Appealability, 10 [# 631].

21. 28 U.S.C. § 2255(f). The four alternative dates are the following:
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
*Id.*

22. *Id.* § 2255(f)(4). Petitioner does not argue that the other Subsections of § 2255(f) apply in his case. Indeed, none of them would prevent the Petition from being time-barred.

23. 517 F.Supp.2d 570 (2007).

24. Mem. Supp. Req. Certificate Appealability, 7 [# 631].

25. Stephens' Aff. ¶ 8 [# 618].

year statute of limitations.[26] His argument fails for two reasons.

First, Petitioner has not applied the standard correctly. This court's inquiry is not merely into the facts of which Petitioner was aware but also those that Petitioner could have discovered through the exercise of due diligence.[27] Petitioner argues that his knowledge of being unable to see his family due to the courtroom being closed does not "impute upon" him the knowledge that the public was denied access during the day of jury selection.[28] But Petitioner's argument does not go far enough. Even if Petitioner might not have known that the courtroom was shut off to the public, he does not demonstrate how he could not have learned of this closure through the exercise of due diligence.[29] Given Petitioner's knowledge in 1997 of his family's exclusion due to the courtroom being closed, the fact of the courtroom's full closure to the public could have been discovered through the exercise of due diligence.

Second, although Petitioner alleges an infringement of his right to a public trial,[30] the failure of counsel occurred not just after "a particular person had been barred from the courtroom, but at the trial court's statement that the courtroom would be cleared."[31] According to Petitioner's own Affidavit, he was aware of both of these facts on February 10, 1997, the day the jury was selected and before Petitioner gave his plea. Petitioner specifically recalls that "any spectators were asked to leave" the courtroom by the judge.[32] Additionally, Petitioner admits to being informed that he "could not see" his family "due to the court closing the courtroom" and that his family was excluded from court that day.[33] Before giving his plea, Petitioner knew that at least one person had been barred from the courtroom and the courtroom was closed. Petitioner knew much the same facts that were enough for the court in *Owens IV* to rule that assistance of trial counsel was ineffective.[34] This court therefore holds that the facts underlying Petitioner's Sixth Amendment claim were discoverable over a year before the submission of his Petition.[35]

**26.** Mem. Supp. Req. Certificate Appealability, 8 [# 631].

**27.** 28 U.S.C. § 2255(f)(4).

**28.** Mem. Supp. Req. Certificate Appealability, 8 [# 631].

**29.** Petitioner has not evidenced the exercise of due diligence, by, for instance, seeking further inquiry into the matter by requesting a transcript, speaking with a family member, or explaining how knowledge of the courtroom's full closure could not have been revealed even through the exercise of due diligence. *Cf. Johnson v. United States,* 544 U.S. 295, 308, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005) ("[D]iligence can be shown by prompt action on the part of the petitioner as soon as he in a position to realize that he has an interest in challenging the prior conviction.").

**30.** *See Owens III,* 483 F.3d 48, 61 (1st Cir. 2007).

**31.** *Owens v. United States,* 517 F.Supp.2d 570, 576 (D.Mass.2007).

**32.** Stephens' Aff. ¶ 4 [# 618]. Moreover, Petitioner also appears to recall that his family was not present for the entire day because "the judge 'cleared the courtroom.'" Stephens' Aff. ¶ 5 [# 618].

**33.** Stephens' Aff. ¶ 8 [# 618].

**34.** *See also* Report and Recommendation, 7 [# 626] ("[Petitioner] was aware of the factual basis of his claim in 1997, at the time of his plea.").

**35.** As the Magistrate Judge noted in his Report and Recommendation, the basis of Petitioner's legal theory was made clear in *Owens III* on April 12, 2007, further placing the Petition beyond the one-year statute of limitations. Report and Recommendation, 8 [# 626].

## IV. *Conclusion*

■ Reasonable jurists would not find this issue debatable. The facts supporting the claims presented could have been discovered through the exercise of due diligence [36] more than one year before October 3, 2008, the date of Petitioner's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.* Petitioner has not made a "substantial showing" of a constitutional violation, and this court finds no basis for granting a COA in the present case. Accordingly, Petitioner's request for a COA is DENIED.

AN ORDER HAS ISSUED.

### *ORDER*

For the reasons set forth in the accompanying memorandum, this court hereby orders that Petitioner's *Motion for Certificate of Appealability* [# 630] is DENIED.

IT IS SO ORDERED.